UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW DEROCHA,

                Plaintiff,

v.                                               5:21-CV-0683
                                                    (MAD/ML)

CROUSE HOSPITAL,

                Defendant.

---

APPEARANCES:                                                    OF COUNSEL:

MATTHEW DEROCHA
  Plaintiff, *Pro Se*
753 James Street
Apt. 212
Syracuse, New York 13202

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2), filed by Matthew DeRocha ("Plaintiff") to the Court for review. For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety with leave to amend.

**I.     BACKGROUND**

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that he was negligently treated and harassed by nurses, doctors, and security guards at Crouse Hospital ("Defendant"). (*See generally* Dkt. No. 1.)

Plaintiff's handwritten Complaint contains allegations on a form civil rights complaint which contains references to 42 U.S.C. § 1983. (*Id*. at 1.) Plaintiff first alleges that he went to St. Joseph's hospital but left after waiting 24 hours without receiving treatment for his eye, stating that he "just wanted a shower the [w]hole time." (*Id*. at 5.) The previous day, Plaintiff alleges that he took dilaudid, morphine, and Tylenol because he was in "the worst pain in [his] life." (*Id*. at 7.) After "never [being] called for triage" at St. Joseph's hospital, Plaintiff alleges that he walked to a nearby store and called an ambulance, which took him to Crouse Hospital. (*Id*. at 5-6.)

At Crouse Hospital, Plaintiff alleges that he spoke with nurses and doctors who took him off antibiotics and gave him pills, but he also complains that he was "never given any pain medication[.]" (*Id*. at 6, 7.) Plaintiff also alleges that he suffered from leg pain, shoulder pain, and swollen legs. (*Id*.) Plaintiff further alleges that he was prescribed antibiotics and told he could go home after he finished his intravenous medication, but later, a different nurse allegedly told Plaintiff they had "no intention[] of sending [him] home[.]" (*Id*.)

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Plaintiff alleges that while attempting to use a hospital phone, his "original nurse" told him that he could not leave and "accused [him] of trying to leave with [an] IV in[.]" (*Id*. at 9.) Plaintiff next alleges that a nurse ripped the IV out of his arm and that he was told that he could not leave without signing an against medical advice form. (*Id*.) Despite telling a nurse that he could not walk, Plaintiff alleges that security threatened to beat him up and "drag me off [the] property." (*Id*.)

Plaintiff alleges that he was "kick[ed] out of the [h]ospital dangerously" and that they "took my pain medication" and his ride home. (*Id*. at 2.) After Plaintiff left the hospital, he contends that he could barely walk and was in excruciating pain. (*Id*. at 6.) Plaintiff states that he is sorry, but requests "a settlement . . . for what happened with the medicab and making me walk home." (*Id*. at 11.) Plaintiff does not name any individual doctors or nurses, but he does allege that he will "have names [but] just not saying in case I [am wrong] so I don't embarrass people[.]" (*Id*. at 6.)

Based on the allegations, Plaintiff appears to assert the following causes of action against Defendant Crouse Hospital: (1) malpractice; (2) assault; (3) harassment; and (4) false imprisonment. (*See generally id*.) Plaintiff's Complaint also references 42 U.S.C. § 1983. (*Id*. at 1.) As relief, Plaintiff seeks $50,000.00 in damages for his pain and suffering. (*Id*. at 4, 11.)

II.     **PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

### III.    LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*,

---

[2]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

IV.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

A.      **Claims Pursuant to 42 U.S.C. § 1983**

Plaintiff's Complaint references 42 U.S.C. § 1983 but does not allege Defendant violated any other federal law. For the following reasons, I recommend that any claims pursuant to § 1983 be dismissed.

"By its terms, [§ 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citation omitted); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (recognizing that § 1983 creates no substantive rights). Relatedly, "[t]he United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks omitted). "A plaintiff pressing a claim of [a] violation of his constitutional rights under § 1983 is thus required to show state action." *Fabrikant*, 691 F.3d at 206 (internal quotation marks omitted). "State action requires *both* . . . the exercise of some right or privilege created by the State . . . *and* [the involvement of a person] who may fairly be said to be a state actor." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Schlein v. Milford Hosp.*, 561 F.2d 427, 428 (2d Cir. 1977) ("The mere fact that [the State] regulates the facilities and standards of care of private hospitals does not per se make the acts of

the hospital . . . the acts of the state. Such a blanket rule . . . would overlook the essential point that . . . the state action, not the private action, must be the subject of the complaint.").

Plaintiff does not allege that he was deprived of any federal right in connection with his § 1983 claim. Plaintiff also fails to allege that any of Defendant's conduct is "fairly attributable to the state." *Fabrikant*, 691 F.3d at 207 (internal quotation marks omitted); *see also McGugan v. Aldana-Bernier*, 752 F.3d 224, 229-31 (2d Cir. 2014) (holding that a private hospital's involuntary commitment of a patient was not state action). I therefore recommend that, to the extent that Plaintiff seeks to state claims under § 1983, those claims be dismissed.

**B.     State Law Claims**

Plaintiff's remaining claims (negligence, assault, harassment, and false imprisonment) are all pursuant to New York state common law and there is no jurisdiction in federal court for these claims, given the facts alleged. While federal courts may decide state law claims, those claims are generally either supplemental to a federal claim[4] or brought under diversity jurisdiction. There are no viable federal claims in this action and Plaintiff does not allege any facts establishing diversity of citizenship among the parties or seek more than $75,000 in damages. As a result, I recommend dismissal of Plaintiff's state law claims.

---

[4]     28 U.S.C. § 1367(a) provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

This Court has serious doubts about whether Plaintiff can amend to assert actionable claims against Defendant. However, I am unable to conclude with complete certainty that if permitted leave to amend his Complaint, Plaintiff could not assert a plausible claim or allege facts plausibly stating a claim under 42 U.S.C. § 1983 and suggesting jurisdiction over his state law claims. Accordingly, I recommend that leave to amend be granted.

---

[5]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

If Plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and because the Court lacks subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[6]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: July 16, 2021
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[6] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[7] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).