UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW DEROCHA,

                                    **Plaintiff,**

   vs.                                                                5:21-CV-683
                                                                                (MAD/CFH)

**CROUSE HOSPITAL,**

                                    **Defendants.**
_____

**APPEARANCES:**

**MATTHEW DEROCHA**
753 James Street
Apt. 212
Syracuse, New York 13203
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Matthew DeRocha, commenced this action *pro se* on June 11, 2021, against Defendant, Crouse Hospital, which is the only entity named in the caption of the complaint. *See* Dkt. No. 1. Although Plaintiff writes his complaint on a form for civil rights violations pursuant to 42 U.S.C. § 1983, he fails to assert in his complaint any specific constitutional right, federal law, or state law which has been violated. *Id*. Plaintiff also filed an application to proceed *in forma pauperis*. *See* Dkt. No. 2. On July 16, 2021, Magistrate Judge Lovric issued an Order and Report-Recommendation granting Plaintiff's IFP application and recommending that Plaintiff's complaint be dismissed with leave to replead. Dkt. No. 5. at 10.

      "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2007) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Plaintiff has not filed an objection to the Order and Report-Recommendation. When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1)(c). However, "[g]eneral or conclusory objections, or objection which merely recite the same arguments presented to the magistrate judge are reviewed for clear error." *O'Diah v. Mawhir*, o. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Because Plaintiff has not filed an objection, the Court will review the recommendation for clear error.

In the present matter, the Court finds that Magistrate Judge Lovric correctly determined that Plaintiff's complaint fails to state a claim and that the Court lacks subject matter jurisdiction over the state claims.[1] Magistrate Judge Lovric correctly noted that while Plaintiff's complaint references 42 U.S.C. § 1983, the section "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471

---

[1] The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Applying this standard, Magistrate Judge Lovric determined, and the Court agrees, that Plaintiff's state claims could include malpractice, assault, harassment, and false imprisonment. *See* Dkt. No. 5 at 3.

U.S. 808, 816 (1985) (citation omitted); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (recognizing that Section 1983 creates no substantive rights).  Plaintiff does not allege he was deprived of any federal right.  Plaintiff also fails to allege that any of Defendant's conduct is "fairly attributable to the state."  *Fabrikant v. French*, 691 F.3d 193, 207 (internal quotation marks omitted); *see also McGugan v. Aldana-Bernier*, 752 F.3d 224, 229-31 (2d Cir. 2014) (holding that a private hospital's involuntary commitment of a patient was not state action).

  The Court also agrees with Magistrate Judge Lovric that the Court lacks subject matter jurisdiction over Plaintiff's remaining New York state claims.  Federal courts may decide state law claims if they are supplemental to a federal claim or brought under diversity jurisdiction and the matter in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1367(a), 1332.  The Court agrees with Magistrate Judge Lovric that Plaintiff neither established a viable federal claim nor claimed diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See* Dkt. No. 5 at 8.

  After carefully reviewing the Order and Report-Recommendation, Plaintiff's submissions, and the applicable law, the Court hereby

  **ORDERS** that Magistrate Judge Lovric Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

  **ORDERS** that Plaintiff's complaint (Dkt. No. 1) is dismissed without prejudice and with leave to amend; and the Court further

  **ORDERS** that Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

  **ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 8, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge